THOMAS H. THORN and OSCAR THORN, Respondents, v. JAMES SUTHERLAND and HERMAN T. WINTER, Appellants.

*Evidence — when a witness may express an opinion as to the value of the property in question.*

Appeal from a judgment in favor of the plaintiffs, entered on the verdict of a jury, and from an order denying a motion for a new trial, made at Special Term upon a case and exceptions.

The action was brought to recover damages because of the defendants' refusal to deliver to the plaintiffs on demand certain personal property left upon certain real estate in the city of New York, of which the plaintiffs had been in possession as tenants, and from which they had been removed under a judgment of dispossession.

The property, for the conversion of which the recovery was had in the action, had been placed upon the demised premises for the purpose of improving and rendering them useful under the lease executed by the defendants. Upon the trial the defendant Winter was examined as a witness as to the value of the property. He had been engaged in the same description of business which was carried on by the tenants upon the premises, and in that manner had become acquainted with what it was necessary to do to fit up a coal yard and adapt the premises

to the requirements of the business. After giving something of a description of the condition of the premises, including the improvements made by the tenants, he was asked whether he knew the value of the materials when he took possession of them, and his answer was, "I know probably as much as any other man in the court room about them, I think." He was then asked, "What means of knowledge have you of their value?" and his response was "I have been in the coal business for twenty-five years; I have bought and sold and fixed up lumber of this kind; I have bought second hand lumber and put it up for fences." He was then asked, "What was the value of these materials that have been described here at the time you took possession?" This was objected to because the witness was not competent to testify upon the subject. The court then inquired, "Have you continued the business of buying and selling old and new lumber," to which he answered, "No, sir; I bought only for this purpose." And then the court sustained the objection and the defendant's counsel excepted. The witness then gave a still further description of the condition of a portion of the materials in controversy at the time when the defendants took possession of the property, and after he had stated that it had probably rotted he was requested to give its value, but the court rejected his answer, and the defendant's counsel excepted.

The court at General Term said: "From the experience of this witness, his knowledge of the business, and the fact of his having bought and sold lumber for improvements similar to those made upon these premises, he was competent to answer the questions which were propounded to him as to the value of these articles.

"This subject has already received the consideration of this court in the case of *Jarvis* v. *Furman*\* now about to be decided. The authorities bearing upon it have been examined in that case, and the rule which now appears to be established has been so applied as to require that evidence of this nature, when it is proposed to be given by such a witness concerning the value of property in dispute, should be received. It is not necessary to repeat the views which have there been expressed, but it is sufficient to say for the reasons

---

\* See *ante,* page 391.

then given, that the evidence proposed in this case upon this subject should not have been excluded."

*G. M. Speir, Jr.,* and *S. B. Brownell,* for the appellants.

*John Todd* and *William A. Coursen,* for the respondents.

Opinion by Daniels, J. ; Davis, P. J., and Brady, J. concurred.

Judgment reversed, new trial granted, costs to abide the event.